09 CV 6794

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROBERT HILLMAN,
                      Plaintiff,

    -- against --

BANK OF AMERICA CORPORATION and
BANC OF AMERICA SECURITIES, LLC,

                      Defendants.
------------------------------------------------------x

Civil Action No.:



## COMPLAINT
### (JURY DEMANDED)

Plaintiff Robert Hillman ("Hillman"), by his attorneys and for his Complaint against Defendants Bank of America Corporation and Banc of America Securities, LLC (collectively, the "Company"), alleges as follows:

**Nature of the Action**

1.     This action seeks money damages, reinstatement, as well as expungement of Hillman's Form U-5 Uniform Termination Notice for Securities Industry Registration ("U-5"). After years of successful service to the Company, Hillman, a 46-year-old African-American man, was unlawfully terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VI"), and the Age Discrimination in Employment Act of 1967, 22 U.S.C. §§ 621, *et seq.* ("ADEA"). To cover up its discriminatory acts, the Company fabricated a "performance" based reason for Hillman's termination, and claimed this on Hillman's U-5. In addition, at or about the time of his termination, Hillman discovered that he was being paid less than his

colleagues at the Company who held the same job title and description. Because such discrimination in pay was based on Hillman's race, he is entitled to recover back pay, in addition to his damages in connection with his unlawful termination.

### Jurisdiction and Venue

2. Jurisdiction is based upon 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f)(3), as the claims asserted herein arise under the federal anti-discrimination statutes. This Court has jurisdiction to decide Plaintiff's claim for expungement based upon the doctrine of supplemental jurisdiction, as it directly relates to his statutory discrimination claims.

3. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3).

4. On or about July 12, 2007, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed a right-to sue letter on or about April 29, 2009.

### The Parties

5. Hillman is a 46-year-old African-American male residing in Charlotte, North Carolina. From July 30, 1997 through March 30, 2007, Hillman worked for Defendant (and its predecessor) in both New York and Charlotte.

6. Upon information and belief, Defendant Bank of America Corporation is a national banking corporation with offices throughout the United States.

7. Upon information and belief, Defendant Banc of America Securities, LLC is a wholly owned subsidiary of Bank of America Corporation, and

maintains offices throughout the United States. Upon information and belief, Hillman was employed by both Defendants.

### General Factual Allegations

8.  On or about July 30, 1997, Hillman began working for the Company as a Product Specialist. Hillman's job was to market various financial and asset management products to the Company's clients, and to provide related financial services, which were to generate fees and revenue for the Company.

9.  Hillman excelled at his entry-level position, constantly earning high praise from his supervisors and colleagues, and meeting and exceeding Company goals.

10. As a result of his successful performance, Hillman was eventually promoted to the position of Principal by 2003.

11. A "Principal" of the Company is a senior banker who is able to interact with customers with little or no supervision, and to oversee large deals, and sell higher value products.

12. The Company recognizes the contributions of its Principals by paying them a high salary and bonus, commensurate with their financial contributions to the Company.

13. Unbeknownst to Hillman, however, the Company unlawfully discriminated against him because of his race by paying him less in salary and bonus than other similarly situated Principals who were performing the same job function at the same level. This fact was only revealed to Hillman by his supervisor some four years later at or about the time of his termination.

14. As Principal, Hillman continued to originate, structure and execute deals for the Company and its customers, generating substantial revenue and fees for the Company. This included origination of novel and/or state-of-the-art transactions.

15. Despite changes in management, including four supervisors in three years, and a lack of support, Hillman continued to deliver deals at a level conforming with that of his peers.

16. Upon information and belief, Hillman's performance during the 2005 and 2006 time period was on a par with other similarly situated Principals of the Company and was satisfactory in light of the prevailing conditions with the understanding that specific targets would be set for 2007 and 2008.

17. In or about late January 2007, after having just concluded deals that generated substantial revenue for the Company, and having secured verbal and written mandates for additional deals to be executed in 2007, Hillman was informed that he would no longer be employed as a Principal in the Company's Global Corporate and Investment Banking Group, and that if he did not find a new position within the Company within sixty days, he would be terminated.

18. Upon information and belief, no similarly situated white Principal of the Company, and no similarly situated African American under age 40, with similar performance records, were terminated in this fashion or directed to perform an "internal job search" for another position in the Company.

19. On or about March 30, 2007, Hillman was terminated from the Company. Hillman was told that his termination was not based on a reduction in force. The U-5 statement completed by the Company, however, indicates that the reason for the

termination was "alignment of business and performance." Upon information and belief, the information contained on the U-5 is pretextual in nature. The Company did not realign its business within Hillman's group, and, as alleged above, any alleged deficiencies in Hillman's performance were fabricated to cover up the Company's true, unlawful reasons for Hillman's termination – that he was African American and over 40.

20. Upon information and belief, the false statements contained on Hillman's U-5 are preventing him from obtaining similar employment within the securities industry, and he is unemployed today.

21. In or about July 2007, Hillman filed a charge of discrimination with the EEOC alleging unlawful discrimination based on his race and age. To substantiate his claim, Hillman alleged that other similarly situated white employees, with the same job title, responsibilities, and job function, were paid more than he was paid. He also alleged that other white employees, and employees under age 40 with similar job functions and with similar job performance were not subject to termination.

22. The information that will substantiate Hillman's allegations – the personnel and salary records of other similarly situated workers who are white or under 40 – is within the exclusive custody and control of the Company, and the Company, for the better part of two years, stonewalled the EEOC and refused to provide this necessary and relevant information. Once this information is produced, it will be immediately apparent that the Company wrongfully discriminated against Hillman on the basis of his race and age with respect to his salary and bonus and with respect to his termination, and caused further damage when, in an attempt to cover up its unlawful conduct, it fabricated information on Hillman's U-5, making it more difficult for him to find new employment.

## FIRST CLAIM FOR RELIEF
### (Unlawful Discrimination Based On Race
### 42 U.S.C. §§ 2000e, *et seq.* (Title VII))

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if each were fully set forth herein.

24. The Company unlawfully discriminated against Hillman in violation of Title VII by paying him less than white employees of the same job description, job title, and function, and by terminating him on the basis of his race without cause when similarly situated while employees were not similarly terminated.

25. As a result of such discrimination, Hillman suffered damages in an amount to be proven, and is entitled to an award of reinstatement, back pay, front pay, interest, punitive damages, and costs, including attorneys' fees pursuant to statute.

## SECOND CLAIM FOR RELIEF
### (Unlawful Discrimination Based On Age
### 22 U.S.C. §§ 621, *et seq.* (ADEA))

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if each were fully set forth herein.

27. The Company unlawfully discriminated against Hillman in violation of the ADEA by terminating him for no cause when he was over age 40, when similarly situated employees under 40 years of age were not so terminated.

28. As a result of such discrimination, Hillman suffered damages in an amount to be proven, and is entitled to an award of reinstatement, back pay, front pay, interest, punitive damages, and costs, including attorneys' fees pursuant to statute.

## THIRD CLAIM FOR RELIEF
### (Expungement)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as if each were fully set forth herein.

30. As more fully set forth above, The Company unlawfully falsified Hillman's U-5 as a pretext to cover up its unlawful discrimination.

31. As a result of the Company's unlawful activities, Hillman was damaged in an amount to be proven, and is entitled to an award of expungement of the false statement, and damages, plus interest and costs.

32. Hillman has no adequate remedy at law.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury as to all issues triable to a jury.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, (a) on the First Claim for Relief, for reinstatement, damages in an amount to be proven at trial, back pay, front pay, interest, punitive damages, costs, and attorneys' fees pursuant to statute; (b) on the Second Claim for Relief, for reinstatement, damages in an amount to be proven at trial, back pay, front pay, interest, punitive damages, costs, and attorneys' fees pursuant to statute; (c) on the Third Claim for Relief, for expungement of the notation on his Form U-5 indicating that he was terminated for performance based reasons; and (d) on all Claims for Relief, for such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 31, 2009

FEDER KASZOVITZ LLP

By: _____
Jonathan Honig (JH-7577)
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200

Attorneys for Plaintiff